1  **CALDARELLI  HEJMANOWSKI & PAGE LLP**
   William J. Caldarelli (SBN #149573)
2  12340 El Camino Real, Suite 430
   San Diego, CA  92130
3  Tel: (858) 720-8080
   Fax: (858) 720-6680
4  wjc@chplawfirm.com

5  **FABIANO LAW FIRM, P.C.**
   Michael D. Fabiano (SBN #167058)
6  12526 High Bluff Drive, Suite 300
   San Diego, CA  92130
7  Telephone:  (619) 742-9631
   mdfabiano@fabianolawfirm.com
8
   **OSBORNE LAW LLC**
9  John W. Osborne (*Pro Hac Vice* App. Pending)
   33 Habitat Lane
10 Cortlandt Manor, NY  10567
   Telephone:  (914) 714-5936
11 josborne@osborneipl.com

12 **WATTS LAW OFFICES**
   Ethan M. Watts (SBN #234441)
13 12340 El Camino Real, Suite 430
   San Diego, CA  92130
14 Telephone:  (858) 509-0808
   Facsimile:  (619) 878-5784
15 emw@ewattslaw.com

16 Attorneys for Plaintiff Ameranth, Inc.

17

18                 **UNITED STATES DISTRICT COURT**

19               **SOUTHERN DISTRICT OF CALIFORNIA**

20 | AMERANTH, INC. | Case No.  **'12 CV 0742 JLS  WMC** |

21            Plaintiff,

22                                          **COMPLAINT FOR PATENT**
         v.                                **INFRINGEMENT**
23
   PIZZA HUT, INC., PIZZA HUT OF           **DEMAND FOR JURY TRIAL**
24 AMERICA, INC., and QUIKORDER, INC.,

25            Defendants.

26

27

28

---

**COMPLAINT FOR PATENT INFRINGEMENT**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ameranth, Inc., for its Complaint against defendants Pizza Hut, Inc., Pizza Hut of America, Inc. , and QuikOrder, Inc. (all three collectively, "Defendants"), avers as follows:

### PARTIES

1.    Plaintiff Ameranth, Inc. ("Ameranth") is a Delaware corporation having a principal place of business at 5820 Oberlin Drive, Suite 202, San Diego, California 92121.  Ameranth develops, manufactures and sells, *inter alia*, hospitality industry, entertainment, restaurant and food service information technology solutions under the trademarks 21st Century Communications™, and 21st Century Restaurant™, among others, comprising the synchronization and integration of hospitality information and hospitality software applications between fixed, wireless and/or internet applications, including but not limited to computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld computing devices.

2.    Defendant Pizza Hut, Inc. is, on information and belief, a California corporation having a principal place of business in Plano, Texas.  Defendant Pizza Hut of America, Inc. is, on information and belief, a Delaware corporation having a principal place of business in Plano, Texas.  On information and belief, Pizza Hut, Inc. and Pizza Hut of America, Inc. are agents and affiliates of one another and knowingly and intentionally acted in concert and under common and coordinated plan, design and control in committing the acts alleged herein, such that each entity is jointly and severally liable for the acts of each other.  Pizza Hut, Inc. and Pizza Hut of America, Inc. shall be referred to herein collectively as "Pizza Hut."   On information and belief, Pizza Hut makes, uses, offers for sale or license and/or sells or licenses restaurant and foodservice information technology products, software, components and/or systems within this Judicial District, including the Pizza Hut Ordering System as defined herein.

3.    Defendant QuikOrder, Inc. ("QuikOrder") is, on information and belief, an Illinois corporation having a principal place of business in Chicago, Illinois.  On information and belief, QuikOrder makes, uses, offers for sale or license and/or sells or licenses restaurant and

1  foodservice information technology products, software, components and/or systems within this
2  Judicial District, including the Pizza Hut Ordering System as defined herein.

3  <u>**JURISDICTION AND VENUE**</u>

4  4.   This is an action for patent infringement arising under the Patent Laws of the United
5  States, 35 U.S.C. §§ 271, 281-285.

6  5.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and
7  1338(a).

8  6.   On information and belief, Defendants, and each of them, engage in (a) the offer for
9  sale or license and sale or license of hospitality, restaurant, food service, ordering, products
10  and/or components in the United States, including this Judicial District, including services,
11  products, software, and  components, comprising wireless and internet POS and/or hospitality
12  aspects; (b) the installation and maintenance of said services, products, software, components
13  and/or systems in hospitality industry, restaurant, food service, and/or entertainment
14  information technology systems in the United States, including this Judicial District; and/or (c)
15  the use of hospitality industry, restaurant, food service, and/or entertainment information
16  technology systems comprising said services, products, software, components and/or systems
17  in the United States, including this Judicial District.

18  7.   This Court has personal jurisdiction over Defendants, and each of them, as each
19  Defendant commits acts of patent infringement in this Judicial District including, *inter alia*,
20  making, using, offering for sale or license, and/or selling or licensing infringing services,
21  products, software, components and/or systems in this Judicial District.

22  8.   Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and
23  1400(b) as regards all Defendants, both separately and together.

24  <u>**BACKGROUND**</u>

25  9.   Ameranth was established in 1996 to develop and provide its 21st Century
26  Communications™ innovative information technology solutions for the hospitality industry
27  (inclusive of, <u>e.g.</u>, restaurants, hotels, casinos, nightclubs, cruise ships and other entertainment
28  and sports venues).  Ameranth has been widely recognized as a technology leader in the

3

provision of wireless and internet-based systems and services to, *inter alia*, restaurants, hotels, casinos, cruise ships and entertainment and sports venues. Ameranth's award winning inventions enable, in relevant part, generation and synchronization of menus, including but not limited to restaurant menus, event tickets, and other products across fixed, wireless and/or internet platforms as well as synchronization of hospitality information and hospitality software applications across fixed, wireless and internet platforms, including but not limited to, computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld computing devices.

10. Ameranth began development of the inventions leading to the patent-in-suit and the other patents in this patent family in the late Summer of 1998, at a time when the then-available wireless and internet hospitality offerings were extremely limited in functionality, were not synchronized and did not provide an integrated system-wide solution to the pervasive ordering, reservations, affinity program and information management needs of the hospitality industry. Ameranth uniquely recognized the actual problems that needed to be resolved in order to meet those needs, and thereafter conceived and developed its breakthrough inventions and products to provide systemic and comprehensive solutions directed to optimally meeting these industry needs. Ameranth has expended considerable effort and resources in inventing, developing and marketing its inventions and protecting its rights therein.

11. Ameranth's pioneering inventions have been widely adopted and are thus now essential to the modern wireless hospitality enterprise of the 21st Century. Ameranth's solutions have been adopted, licensed and/or deployed by numerous entities across the hospitality industry.

12. The adoption of Ameranth's technology by industry leaders and the wide acclaim received by Ameranth for its technological innovations are just some of the many confirmations of the breakthrough aspects of Ameranth's inventions. Ameranth has received twelve different technology awards (three with "end customer" partners) and has been widely recognized as a hospitality wireless/internet technology leader by almost all major national and hospitality print publications, *e.g.*, The Wall Street Journal, New York Times, USA Today and

1    many others.  Ameranth was personally nominated by Bill Gates, the Founder of Microsoft, for

2    the prestigious Computerworld Honors Award that Ameranth received in 2001 for its

3    breakthrough synchronized reservations/ticketing system with the Improv Comedy Theatres.

4    In his nomination, Mr. Gates described Ameranth as "one of the leading pioneers of

5    information technology for the betterment of mankind."  This prestigious award was based on

6    Ameranth's innovative synchronization of wireless/web/fixed hospitality software technology.

7    Subsequently, the United States Patent and Trademark Office granted Ameranth a number of

8    currently-issued patents, two of which are the basis for this lawsuit.  Ameranth has issued press

9    releases announcing these patent grants on business wires, on its web sites and at numerous

10   trade shows attended by various of the Defendants since the first of the two presently-asserted

11   patents issued in 2002.  A number of companies have licensed patents and technology from

12   Ameranth, recognizing the value of Ameranth's innovations.

13                           **RELATED CASE PREVIOUSLY FILED**

14           13.   The Ameranth patent asserted herein, U.S. Patent No. 8,146,077 (the "'077 patent"),

15   is the fourth patent to issue in Ameranth's "Information Management and Synchronous

16   Communications" patent family.

17           14.   Ameranth is also currently asserting eight claims of the first three of its patents in a

18   separate litigation pending in this Court (*Ameranth v. Pizza Hut, Inc. et al.*, Case No. 3:11-cv-

19   01810-JLS-NLS) against several parties, including the Defendants named in this Complaint.

20                                    **COUNT I**

21                    **Patent Infringement (U.S. Pat. No. 8,146,077)**

22                              **(35 U.S.C. § 271)**

23           15.   Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-14 above

24   as if fully set forth herein.

25           16.   On March 27, 2012, United States Patent No. 8,146,077 entitled "Information

26   Management and Synchronous Communications System with Menu Generation, and

27   Handwriting and Voice Modification of Orders" (a true copy of which is attached hereto as

28

1    **Exhibit A** and incorporated herein by reference) was duly and legally issued by the United
2    States Patent & Trademark Office.

3        17.   Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in
4    and to the '077 patent.

5        18.   On information and belief, Defendants directly infringe and continue to directly
6    infringe one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C.
7    § 271(a) by making, using, offering for sale or license and/or selling or licensing infringing
8    systems, products, and/or services in the United States without authority or license from
9    Ameranth, including but not limited to The Pizza Hut ordering system/product/service, which
10   includes, inter alia, wireless and internet POS integration, online and mobile ordering,
11   integration with e-mail and affinity program and social media applications such as Facebook,
12   Twitter, Groupon, and YouTube, and/or other third-party web-based applications, and other
13   hospitality aspects ("Pizza Hut Ordering System").

14       19.   On information and belief, the Pizza Hut Ordering System, as deployed and/or used
15   at or from one or more locations by Pizza Hut, its agents, distributors, partners, affiliates,
16   licensees, franchisees, and/or their customers, infringes one or more valid and enforceable
17   claims of the '077 patent, by, *inter alia*, enabling ordering and other hospitality functions via
18   iPhone, Android, and other internet-enabled wireless handheld computing devices as well as
19   via Web pages, storing hospitality information and data on at least one database, on at least one
20   wireless handheld computing device, and on at least one Web server and Web page, and
21   synchronizing applications and data, including but not limited to applications and data relating
22   to orders, between at least one database, wireless handheld computing devices, and at least one
23   Web server and Web page; utilizing communications control software enabled to link and
24   synchronize hospitality information between at least one database, wireless handheld
25   computing device, and web page, to display information on web pages and on different
26   wireless handheld computing device display sizes, and to allow information to be entered via
27   Web pages, transmitted over the internet, and automatically communicated to at least one
28   database and to wireless handheld computing devices; allowing information to be entered via

**COMPLAINT FOR PATENT INFRINGEMENT**

wireless handheld computing devices, transmitted over the internet, and automatically communicated to at least one database and to Web pages.

20.   On information and belief, Defendants indirectly infringe, as of the date of filing and/or service of this complaint, one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons.

21.   On information and belief, customers of Pizza Hut, including consumers and franchise operators, use the Pizza Hut Ordering System in a manner that infringes upon one or more valid and enforceable claims of the '077 patent.  Pizza Hut provides instruction and direction regarding the use of the Pizza Hut Ordering System and advertises, promotes, and encourages the use of the Pizza Hut Ordering System.

22.   On information and belief, Defendants actively induce others to infringe the '077 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting customers of Pizza Hut, including consumers and franchise operators, to use the infringing Pizza Hut Ordering System in the United States without authority or license from Ameranth.

23.   On information and belief, Defendants contributorily infringe and continue to contributorily infringe one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(c) by offering to sell and/or selling components of systems on which claims of the '077 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '077 patent.

24.   By distributing, selling, offering, offering to sell or license and/or selling or licensing the Pizza Hut Ordering System, Defendants provide non-staple articles of commerce to others for use in infringing systems, products, and/or services.  Additionally, Pizza Hut provides instruction and direction regarding the use of the Pizza Hut Ordering System and advertises, promotes, and encourages the use of the Pizza Hut Ordering System.  Users of the Pizza Hut Ordering System directly infringe one or more valid and enforceable claims of the '077 patent, for the reasons set forth hereinabove.

25.   On information and belief, the Pizza Hut Ordering System infringes one or more valid and enforceable claims of the '077 patent, for the reasons set forth hereinabove.

26.   If Defendants do not cease and desist the aforesaid infringing activities, and instead continue to infringe valid and enforceable claims of the '077 patent after the date of filing and/or service of this complaint, then such infringing actions will have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

27.   The aforesaid infringing activity of Defendants directly and proximately causes damage to plaintiff Ameranth, including loss of profits from sales it would have made but for the infringements.   Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Ameranth respectfully prays for judgment against Defendants, and each of them, as follows:

1.      Adjudging that the manufacture, use, offer for sale or license and /or sale or license of the Pizza Hut Ordering System infringes valid and enforceable claims of the '077 patent, as set forth hereinabove;

2.      Adjudging that each of the Defendants has infringed, actively induced others to infringe and/or contributorily infringed valid and enforceable claims of the '077 patent, as set forth hereinabove;

3.      If Defendants do not cease and desist the aforesaid infringing activities and instead continue to infringe valid and enforceable claims of the '077 patent after the date of filing and/or service of this Complaint, adjudging that Defendants' infringement of the valid and enforceable claims of the '077 patent has been knowing and willful;

4.      Enjoining each of the Defendants, and their respective officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates and all other persons acting in concert, participation or privity with them, and their successors and assigns,

1   from infringing, contributorily infringing and/or inducing others to infringe the valid and

2   enforceable claims of the '077 patent;

3         5.     Awarding Ameranth the damages it has sustained by reason of Defendants'

4   infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

5         6.     If Defendants do not cease and desist the aforesaid infringing activities and

6   instead continue to infringe valid and enforceable claims of the '077 patent after the date of

7   filing and/or service of this Complaint, awarding Ameranth increased damages of three times

8   the amount found or assessed against Defendants by reason of the knowing, willful and

9   deliberate nature of Defendants' acts of infringement pursuant to 35 U.S.C. § 284;

10         7.     Adjudging this to be an exceptional case and awarding Ameranth its attorney's

11   fees pursuant to 35 U.S.C. §285;

12         8.     Awarding to Ameranth its costs of suit, and interest as provided by law; and

13         9.     Awarding to Ameranth such other and further relief that this Court may deem

14   just and proper.

15                             **DEMAND FOR JURY TRIAL**

16         Ameranth demands trial by jury of its claims set forth herein to the maximum extent

17   permitted by law.

18                               Respectfully submitted,

19   Dated: March 27, 2012           CALDARELLI HEJMANOWSKI & PAGE LLP

20                               By:/s/ William J. Caldarelli
                                    William J. Caldarelli
21

22                               FABIANO LAW FIRM, P.C.
                              Michael D. Fabiano

23                               OSBORNE LAW LLC
                              John W. Osborne
24

25                               WATTS LAW OFFICES
                              Ethan M. Watts

26                               **Attorneys for Plaintiff AMERANTH, INC.**

27

28

COMPLAINT FOR PATENT INFRINGEMENT